**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance |

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re: Daniel J. Costello, Jr.

Case No.: 19-30914

Judge: JNP

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original   ☒ Modified/Notice Required   Date: 05/12/2021

☐ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____EJC____   Initial Debtor: _____DJC_____   Initial Co-Debtor: _____

**$16,959.26 paid to date; then,**

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ _____400_____ per _____month_____ to the Chapter 13 Trustee, starting on _____June, 2021_____ for approximately _____23 more_____ months (42 months total).

b. The debtor shall make plan payments to the Trustee from the following sources:

　　☒　Future earnings

　　☐　Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

　☐ Sale of real property
　Description:
　Proposed date for completion: _____

　☐ Refinance of real property:
　Description:
　Proposed date for completion: _____

　☐ Loan modification with respect to mortgage encumbering property:
　Description:
　Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1,000 (est) subject to court approval |
| ~~DOMESTIC SUPPORT OBLIGATION~~ | | |
| New Jersey Division of Taxation | State income tax | $1,031.65 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| OneMain Financial | Honda Accord | 5.5% till rate | $5,000 | $5,730 |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| TD Bank/Raymour Flanagan | Furniture | $10,000 | $500 | N/A | $500 cramdown | N/A | $500 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Debtor is in a trial loan modification with Quicken Loans.
New monthly payment is $2,308 and Debtor is current outside Plan.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____0_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases   ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions   ☐ NONE**

**NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| NJ Motor Vehicle Commission | Residence | $4,000 | $262,500 | $294,634.96 | Zero | Entire lien to be discharged by Ch 13 discharge |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| OneMain | Honda Accord | $2,500 | $5,730 | $5,730 | Any remaining balance due |
| Raymour & Flanagan | Furniture | $500 | $500 | $500 | Any remaining balance due |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

    1) Ch. 13 Standing Trustee commissions

    2) _Jenkins & Clayman_____

    3) _OneMain Financial_____

    4) _TD Bank/Raymour & Flanagan and New Jersey Division of Taxation_____

    5) Unsecured creditors who file timely proofs of claim

  **ci. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____05/12/2021_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. Quicken Loans has offered Debtor a trial loan modification | 1. To eliminate Trustee Plan payment to Quicken Loans |
| 2. NJ Motor Vehicle Commission may have a lien for surcharges | 2. To cramdown/stripoff surcharge lien |
| 3. NJ Division of Taxation filed a late proof of claim | 3. To pay NJ Division of Taxation on its priority claim |
| | 4. To pay base dividend to unsecured creditors |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 06/21/2021_____          /s/ Daniel J. Costello, Jr._____
                                                Debtor

Date: _____          _____
                                                Joint Debtor

Date: 06/21/2021_____          /s/ Eric J Clayman_____
                                                Attorney for Debtor(s)

United States Bankruptcy Court

District of New Jersey

In re:                                                                                            Case No. 19-30914-JNP
Daniel J. Costello, Jr.                                                                  Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1                  User: admin                 Page 1 of 3
Date Rcvd: Jun 23, 2021           Form ID: pdf901           Total Noticed: 38

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 25, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Daniel J. Costello, Jr., 124 Lincoln Lane, Berlin, NJ 08009-1176 |
| cr | + | QUICKEN LOANS INC., Phelan Hallinan & Schmieg, PC, 1617 JFK Boulevard, Suite 1400, Philadelphia, PA 19103-1814 |
| cr | + | QUICKEN LOANS, LLC FORMERLY KNOWN AS (FKA) QUICKEN, Phelan Hallinan & Schmieg, PC, 1617 JFK Boulevard, Suite 1400, Philadelphia, PA 19103-1814 |
| 518987816 | + | Denise Carlon Esquire, KML Law Group, P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106-1541 |
| 518553527 | ++ | FIRST SAVINGS BANK, PO BOX 5096, SIOUX FALLS SD 57117-5096 address filed with court:, FSB Blaze, 500 E. 60th Street, PO Box 2534, Omaha, NE 68103 |
| 518593002 | + | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o Robertson, Anschutz & Schneid, P.L., 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487-2853 |
| 518553529 | + | Jefferson Health New Jersey, c/o Financial Recoveries, 200 E Park Dr, Suite 100, PO Box 1388, Mount Laurel, NJ 08054-7388 |
| 518553530 | + | NJ Division of Taxation, 50 Barrack St, Trenton, NJ 08608-2006 |
| 518796954 | + | New Jersey Motor Vehicle, PO Box 1502, Moorestown, NJ 08057-9704 |
| 518796018 | + | New Jersey Motor Vehicle Commission, PO Box 1502, Moorestown NJ 08057-9704 |
| 518553533 | + | Phelan Hallinan & Diamond PC, 400 Fellowship Road Ste 100, Mount Laurel, NJ 08054-3437 |
| 518553535 | + | Raymour & Flanigan, c/o TD Bank, PO Box 16029, Lewiston, ME 04243-9507 |
| 518718202 | ++ | STATE OF NEW JERSEY, DIVISION OF TAXATION BANKRUPTCY UNIT, PO BOX 245, TRENTON NJ 08646-0245 address filed with court:, State of New Jersey, Division of Taxation, Bankruptcy Section, PO Box 245, Trenton, NJ 08695-0245 |
| 518553536 | | South Jersey Gas, PO Box 6091, Bellmawr, NJ 08099-6091 |
| 518625518 | + | TD Retail Card Services, c/o Creditors Bankruptcy Service, P.O. Box 800849, Dallas, TX 75380-0849 |

TOTAL: 15

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Jun 23 2021 20:37:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Jun 23 2021 20:37:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 518575173 | + | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Jun 23 2021 20:45:52 | Capital One Bank (USA), N.A., 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518568514 | + | Email/Text: bankruptcy@cavps.com | Jun 23 2021 20:37:00 | Cavalry SPV I, LLC, 500 Summit Lake Drive, Ste 400, Valhalla, NY 10595-2321 |
| 518553525 | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Jun 23 2021 20:35:21 | Citibank NA, c/o Portfolio Recovery, 120 Corporate Blvd, Suite 100, Norfolk, VA 23502-4952 |
| 518553526 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Jun 23 2021 20:45:52 | Citicards CBNA, PO BOX 6241, Sioux Falls, SD 57117-6241 |
| 518553528 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jun 23 2021 20:37:00 | IRS, PO Box 7346, Philadelphia, PA 19101-7346 |
| 518576564 | | Email/PDF: resurgentbknotifications@resurgent.com | Jun 23 2021 20:35:31 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 518652401 | + | Email/Text: bankruptcydpt@mcmcg.com | Jun 23 2021 20:37:00 | Midland Funding LLC, PO Box 2011, Warren, MI |

| District/off: 0312-1 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Jun 23, 2021 | Form ID: pdf901 | Total Noticed: 38 |

| | | | | |
|---|---|---|---|---|
| | | | | 48090-2011 |
| 518576987 | + Email/PDF: cbp@onemainfinancial.com | | Jun 23 2021 20:35:11 | ONEMAIN FINANCIAL, PO BOX 3251, EVANSVILLE, IN 47731-3251 |
| 518553531 | + Email/PDF: cbp@onemainfinancial.com | | Jun 23 2021 20:35:11 | One Main Financial, 1881 S Delsea Drive, Vineland, NJ 08360-6398 |
| 518553532 | + Email/PDF: cbp@onemainfinancial.com | | Jun 23 2021 20:35:28 | OneMain, PO BOX 1010, Evansville, IN 47706-1010 |
| 518616486 | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | | Jun 23 2021 20:34:58 | Portfolio Recovery Associates, LLC, c/o BEST BUY, POB 41067, Norfolk, VA 23541 |
| 518616615 | + Email/Text: bankruptcyteam@quickenloans.com | | Jun 23 2021 20:37:00 | QUICKEN LOANS INC., QUICKEN LOANS INC., BANKRUPTCY TEAM,, 635 WOODWARD AVE., DETROIT MI 48226-3408 |
| 518553534 | + Email/Text: bankruptcyteam@quickenloans.com | | Jun 23 2021 20:37:00 | Quicken Loans Inc., 1050 Woodward Avenue, Detroit, MI 48226-3573 |
| 518553537 | Email/PDF: gecsedi@recoverycorp.com | | Jun 23 2021 20:34:51 | Syncb/Amazon PLCC, PO BOX 965015, Orlando, FL 32896-5015 |
| 518553538 | + Email/Text: bankruptcy@cavps.com | | Jun 23 2021 20:37:00 | Synchrony Bank, c/o Cavalry Portfolio Services, 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595-2323 |
| 518654151 | + Email/PDF: gecsedi@recoverycorp.com | | Jun 23 2021 20:35:15 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk VA 23541-1021 |
| 518553539 | + Email/Text: bankruptcydpt@mcmcg.com | | Jun 23 2021 20:37:00 | Synchrony Bank, c/o Midland Funding, LLC, 2365 Northside Drive, Suite 300, San Diego, CA 92108-2709 |
| 518555821 | + Email/PDF: gecsedi@recoverycorp.com | | Jun 23 2021 20:35:29 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 518553540 | Email/Text: RPSBankruptcyBNCNotification@usbank.com | | Jun 23 2021 20:37:00 | US Bank RMS CC, PO BOX 108, Saint Louis, MO 63166 |
| 518644484 | + Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | | Jun 23 2021 20:46:04 | Verizon, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518553541 | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | | Jun 23 2021 20:36:00 | Verizon, PO Box 4830, Trenton, NJ 08650-4830 |

TOTAL: 23

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2021                        Signature:        /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 22, 2021 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Denise E. Carlon | on behalf of Creditor QUICKEN LOANS  LLC FORMERLY KNOWN AS (FKA) QUICKEN LOANS INC., dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor QUICKEN LOANS INC. dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Eric Clayman | on behalf of Debtor Daniel J. Costello  Jr. mail@jenkinsclayman.com, connor@jenkinsclayman.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com  summarymail@standingtrustee.com |
| Melanie Carmela Grimes | on behalf of Creditor QUICKEN LOANS  LLC FORMERLY KNOWN AS (FKA) QUICKEN LOANS INC., nj.bkecf@fedphe.com |
| Stephanie F. Ritigstein | on behalf of Debtor Daniel J. Costello  Jr. mail@jenkinsclayman.com, kevin@jenkinsclayman.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 7